USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/12/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

DAVID BERKOWITZ,                         :
                                         :
                         Petitioner,     :          21-CV-6582 (VEC)
                                         :
            -against-                    :          OPINION & ORDER
                                         :
GOULD PAPER CORP.,                       :
                                         :
                         Respondent.     :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

       Petitioner David Berkowitz seeks, pursuant to the Federal Arbitration Act ("FAA"), 9

U.S.C. § 1 *et seq*., to confirm in part and modify or vacate in part an arbitration award entered at

the completion of an arbitration between him and Respondent Gould Paper Corp. ("GPC").  *See*

Pet., Dkt. 1.  Respondent moved to dismiss the petition as untimely and for failure to prove that

the award may be modified under the FAA.  *See* Not. of Motion, Dkt. 10.  For the following

reasons, Petitioner's motion to confirm in part and modify or vacate in part is DENIED.

Respondent's motion to dismiss, construed as a motion to confirm the arbitration award and as

an opposition to the petition to modify or vacate the award, is GRANTED.[1]

## BACKGROUND

       Berkowitz began his employment at GPC in 2007 and eventually became the company's

president and CEO in 2015.  Pet. ¶¶ 8, 10.  On or about May 1, 2015, Berkowitz entered into an

---

[1]    A motion to dismiss is not a procedurally proper response to a petition to confirm, modify, or vacate an arbitration award.  *See Sanluis Devs., L.L.C. v. CCP Sanluis, L.L.C.*, 556 F. Supp. 2d 329, 332 (S.D.N.Y. 2008) ("When a party moves to dismiss a motion to vacate an arbitration award, the court may, *sua sponte*, treat the motion to dismiss as a motion to confirm the award."); *cf. Webster v. A.T. Kearney, Inc.*, 507 F.3d 568, 570 (7th Cir. 2007) ("[The FAA] removes actions to confirm or vacate arbitration awards from the realm of civil cases governed by the Federal Rules of Civil Procedure.").  Accordingly, the Court treats GPC's motion to dismiss as a motion to confirm the arbitration award and as GPC's response in opposition to Berkowitz's petition to modify or vacate the arbitration award.

employment agreement (the "Agreement") with GPC; the Agreement had an initial four-year

term, running from May 1, 2015, to April 30, 2019. *Id.* ¶ 11. The Agreement provided for

successive one-year term renewals by mutual agreement of the parties. Employment Agreement,

Dkt. 1-1 § 1.2(a). The Agreement required binding arbitration in the event of a dispute and

stated that "the arbitrator's award shall include reimbursement by the losing party to the

prevailing party for the prevailing party's reasonable attorneys' fees and costs." *Id.* §§ 4.1.1,

4.1.5.

   Toward the end of the initial four-year term, Berkowitz asked to renew his employment

contract for at least two years. Pet. ¶ 20. On July 12, 2018, Berkowitz met with the Chairman of

GPC's parent company, Akihito Watanabe, in Tokyo. *Id.* ¶ 21. Berkowitz asserts that during the

meeting, Watanabe expressed full satisfaction with Berkowitz's performance. Despite the

expressed satisfaction, Watanabe told Berkowitz that his employment contract would not be

renewed. Berkowitz alleges that Watanabe told him that "the Company needed to move younger

guys up." *Id.* ¶ 22. Berkowitz's employment was not renewed at the end of the initial four-year

term. Instead, he was offered a "no show" consulting role at half of his previous pay, which he

declined. *Id.* ¶ 24. He was replaced by a "significantly younger" employee whom Berkowitz

had hired several years earlier with the plan to train him to replace Berkowitz as President and

CEO of GPC. *Id.* ¶¶ 18, 25. At the time Berkowitz was terminated, he believed that the younger

employee was not ready to take over as President and CEO. *Id.* ¶ 19.

   On July 9, 2019, Berkowitz initiated arbitration proceedings against GPC before JAMS, a

New York-based arbitral body, alleging age discrimination. *Id.* ¶¶ 26–27; Not. of Claim, Dkt. 1-

1 ¶¶ 22–31.[2] Berkowitz requested that the Arbitrator award, among other items, compensatory,

---

[2]     Berkowitz's Notice of Claim and Demand for Arbitration alleged age discrimination, but his filing did not
clarify whether that claim was brought under federal or state law, or both. In a brief submitted in advance of a

liquidated, and emotional distress damages as well as attorneys' fees and costs.  Not. of Claim at

5.  GPC denied Berkowitz's allegations and asserted counterclaims for conversion and unjust

enrichment.  Award, Dkt. 16-2 at 9.[3]  After a four-day hearing, Pet. ¶ 31, the Arbitrator entered a

Final Award dated February 18, 2021, and an Amended Award dated March 17, 2021.[4]  In the

Amended Award, the Arbitrator found for Berkowitz on the age discrimination claim and

awarded him damages of $250,000 and found for GPC on the unjust enrichment claim and

awarded it damages of $204,466.51.  Netting the awards, the Arbitrator ordered GPC to pay

Berkowitz $45,533.49.  The arbitration award rejected all other relief sought by either party,

including fees and costs.  Award at 21–22; Amended Award, Dkt. 16-2 at 1.

Berkowitz filed this petition on August 4, 2021, seeking to confirm in part and modify in

part the award.  *See* Pet., Dkt. 1.  Berkowitz argues that the Arbitrator erred by failing to award

attorneys' fees and costs under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et*

*seq.* ("ADEA"), liquidated damages under the ADEA, and emotional distress damages under

New York state law.  *See* Pet. ¶¶ 36–42; Pet'r Br., Dkt. 1-4 at 10–19; Pet'r Resp., Dkt. 16 at 14–

19.  Berkowitz petitions to confirm the awarded compensatory damages and to modify the award

so as to grant attorneys' fees and costs, liquidated damages, and emotional distress damages.  *See*

Pet. at 7.[5]  GPC opposes the petition.  Resp't Mem., Dkt. 11.

---

hearing, Berkowitz clarified that he was alleging age discrimination in violation of the Age Discrimination in
Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), and in violation of unspecified provisions of New York state
law.  Hearing Br., Dkt. 1-3 at 1–3.

[3]      All pin cites refer to the page numbers of the actual documents, and not the ECF page numbers at the top of
each page of the documents.

[4]      On March 17, 2021, the Arbitrator amended the Final Award at GPC's request.  The Amended Award
formally dismissed Respondent's faithless servant counterclaim, which had not explicitly been asserted in the
counterclaim that GPC filed.  The Amended Award did not otherwise change the disposition of the claims or the
award of damages.  *See* Amended Award, Dkt. 16-2; Resp't Mem., Dkt. 11 at 2.

[5]      Berkowitz labeled his petition as one seeking to confirm in part and modify in part the arbitration award.
*See, e.g.*, Pet., Dkt 1 ¶ 39 ("Berkowitz seeks to confirm the Arbitrator's finding that he was the victim of intentional

## DISCUSSION

### I.     Legal Standard

Pursuant to the FAA, if the parties to an arbitration agree that a judgment of the court will be entered on the arbitration award, then any party can apply within one year of the award for an order confirming the award.  Upon such a petition, "the court must grant such an order, unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the FAA]."  9 U.S.C. § 9.  "There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies."  *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008).  "The arbitrator's rationale for an award need not be explained, and the award should be confirmed 'if a ground for the arbitrator's decision can be inferred from the facts of the case.'"  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Barbier v. Shearson Lehman Hutton Inc.*, 948 F.2d 117, 120 (2d Cir. 1991)).  "Only 'a barely colorable justification for the outcome reached' by the arbitrators is necessary to confirm the award."  *Id.* (quoting *Landy Michaels Realty Corp. v. Local 32B–32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)).

---

age discrimination, but seeks to have the Award modified . . . .").  In his briefs, however, Berkowitz hardly relied on the grounds available under the FAA to modify an award; he mainly relied on the grounds available under the FAA to vacate an award.  *See, e.g.*, Pet'r Br., Dkt. 1-4 at 8 ("[The Arbitrator], therefore, exceeded his authority under the Agreement that obligated him to follow the law.  The Arbitrator also manifestly disregarded the law when he chose not to award Berkowitz his legal fees or costs pursuant to the Agreement and the ADEA.  After making these modifications, this Court should confirm the Award, as modified, and enter judgment against GPC."); Pet'r Resp., Dkt. 16 at 15 ("[T]here is substantial precedent for *vacating* the Award and awarding attorneys' fees and liquidated and emotional distress damages . . . ." (emphasis added)).  GPC argues that Berkowitz failed to allege any grounds available under the FAA for modification and that any arguments that the arbitration award should be vacated should not be considered.  *See* Resp't Reply, Dkt. 19 at 5–8.

The Court agrees with GPC that it appears Berkowitz is arguing for the best of both worlds: he wants to confirm the arbitration award's finding of age discrimination but vacate damages through what he has termed a petition to modify.  Such gamesmanship is inappropriate.  *See T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 338 n.5 (2d Cir. 2010) (treating a district court's grant of a motion to modify as granting a motion to vacate because the district court's rationale for granting the motion to modify was based on 9 U.S.C. § 10).  Because the Court finds that Berkowitz's motion is meritless as either a petition to modify or to vacate, the Court need not consider whether Petitioner's gamesmanship is sufficient on its own to deny his petition.

Accordingly, the Second Circuit has "repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process." *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007).  Courts should "vacate an arbitration award only upon finding a violation of one of the four statutory bases [enumerated in the FAA], or, more rarely, if [the court] find[s] a panel has acted in manifest disregard of the law." *Id.*[6]  Similarly, "[a] motion to modify an award is limited to the grounds set forth in 9 U.S.C. § 11." *Oceania Shipping Corp. v. Thos. P. Gonzalez Corp.*, 442 F. Supp. 997, 999 (S.D.N.Y. 1977).[7]

## II.   Timeliness

GPC contends that Berkowitz's petition, filed on August 4, 2021, must be rejected as untimely.  The statutory period during which a motion to vacate or modify may be filed is three months after the arbitration award is "filed or delivered."  9 U.S.C. § 12.  Because "the FAA

---

[6]      Pursuant to the FAA, an arbitral award can be vacated:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

[7]      Pursuant to the FAA, an arbitral award can be modified:

> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
> (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11.

does not define the terms 'filed' and 'delivered,'" courts look to the arbitration agreement and the arbitration rules for guidance. *See Salus Cap. Partners, LLC v. Moser*, 289 F. Supp. 3d 468, 476 (S.D.N.Y. 2018) (referencing the arbitration rules by which the parties agreed to be bound in order to define "filed" or "delivered").

Neither party disputes that the three-month limitation applies, but they disagree over when the period began to run.  GPC argues that the three-month period began on February 18, 2021, the date that the Arbitrator "rendered" the Final Award, Resp't Mem. at 5, or, at the latest, on March 18, 2021, the date that Berkowitz received the Amended Award via e-mail.  Resp't Reply, Dkt. 19 at 3.  Berkowitz acknowledges that he received the Amended Award on March 18, 2021, Pet'r Resp. at 3, but he argues that delivery by email was insufficient to constitute "delivery" or "filing" under the JAMS Rules.  In support, he points to Rule 24(i) of JAMS's Employment Arbitration Rules & Procedure, which provides that "the award shall be issued by serving copies on the Parties.  Service may be made by U.S. mail.  It need not be sent certified or registered." *See id.* at 7 (citing JAMS Rules, Dkt. 16-2 at 23).  Because email delivery is insufficient under Rule 24(i), Berkowitz argues that the award was not "filed" or "delivered" on February 18, 2021, or on March 18, 2021.[8]  Pet'r Resp. at 7–9.  He argues that the award was "delivered" only when he served it on GPC on August 12, 2021, as part of this litigation.  Pet'r Resp. at 4, 12.  Accordingly, Berkowitz argues, the petition was timely filed.[9]

---

[8]    Berkowitz fails to address JAMS Rule 24(a), which states that "[t]he Arbitrator shall provide the Final Award or the Partial Final Award to JAMS for issuance in accordance with this Rule."  JAMS Rules, Dkt. 16-2 at 21.  That language suggests that the arbitrator's transmission of the award to JAMS might be considered "filing" within the meaning of 9 U.S.C. § 12.  Because Berkowitz's petition is without merit, the Court need not further discuss whether under Rule 24(a) the award was "filed" prior to it being served by Berkowitz on GPC.

[9]    Berkowitz admits that he received the Final Award and Amended Award via email.  *See* Pet'r Resp. at 2–4.  The time may have come for JAMS to change its rule to authorize email delivery of arbitration awards so as to effectuate filing or delivery within the meaning of 9 U.S.C. § 12.  The Court has no doubt that such a rule change would help to reduce confusion and unnecessary litigation.

The question of when an award is considered "filed or delivered" has not been definitively settled in this Circuit.  One line of cases interprets "filed" to mean that the clock starts on the day the award is entered, signed, or dated.  *See, e.g.*, *Vector Media Grp., Inc. v. MyLocker.com, LLC*, No. 20-CV-5642, 2020 WL 5371195, at \*4 (S.D.N.Y. Sept. 8, 2020) ("Courts in this district routinely start counting from the date of entry."); *Marsillo v. Geniton*, No. 03-CV-2117, 2004 WL 1207925, at \*5 (S.D.N.Y. June 1, 2004) (finding a motion to vacate untimely even though the moving party never had notice of the award); *see also Guerrero v. FJC Sec. Servs. Inc.*, No. 12-CV-5763, 2013 WL 5273795, at \*4 (S.D.N.Y. Sept. 18, 2013); *Dalbec v. Alusuisse Flexible Packaging, Inc.*, No. 94-CV-288, 1997 WL 57242, at \*1 (E.D.N.Y. Feb. 10, 1997); *Harrison v. Westcon Grp. N. Am., Inc.*, No. 06-CV-4499, 2007 WL 9815660, at \*2 (S.D.N.Y. Nov. 5, 2007).  Another line of cases suggests that the issuance of an award is not sufficient for the award to be considered "filed or delivered;" instead, an award is only "filed or delivered" when it is served on the party in a manner that definitively complies with the arbitral body's rules.  *See Salus*, 289 F. Supp. 3d at 476; *Dist. Council 1707 v. Hope Day Nursery, Inc.*, No. 05-CV-3642, 2006 WL 17791, \*3 (S.D.N.Y. Jan. 3, 2006); *White v. Loc. 46 Metallic Lathers Union & Reinforcing Iron Workers of N.Y.C.*, No. 01-CV-8277, 2003 WL 470337, \*4 (S.D.N.Y. Feb. 24, 2003).[10]

The Court declines to wade into this unsettled area of the law.  For the reasons discussed *infra*, Berkowitz has not asserted a viable ground for vacatur or modification.  Accordingly, the Court will assume that the petition was timely filed.

---

[10] That line of cases does not address the question of when an award is "filed" within the meaning of 9 U.S.C. § 12, an issue neither party addressed in their briefs.

### III.    Berkowitz Has Not Asserted Valid Grounds for Modification of the Arbitration Award

The Court may only modify an arbitration award pursuant to 9 U.S.C. § 11.  *See Cardinale v. 267 Sixth St. LLC*, No. 13-CV-4845, 2014 WL 4799691, at \*9 (S.D.N.Y. Sept. 26, 2014); *Oceania Shipping*, 442 F. Supp. at 999.  In his response brief,[11]  Berkowitz asserted that he is seeking modification pursuant to 9 U.S.C. § 11(c), which allows a court to modify or correct an award "[w]here the award is imperfect in matter of form not affecting the merits of the controversy."  9 U.S.C. § 11.  Courts have interpreted that provision narrowly to allow "courts to modify arbitration awards to reflect the clear intent of the arbitrator when that intent was not expressed due to error or oversight."  *Vertical UK LLP v. Dundee Ltd.*, No. 10-CV-1173, 2011 WL 2419859, at \*4 (S.D.N.Y. June 13, 2011).  *See also Diapulse Corp. of Am. v. Carba, Ltd.*, 626 F.2d 1108, 1110 (2d Cir. 1980) ("Section 11(c) . . . is limited to matters of form not affecting the merits of the controversy, [and] does not license the district court to substitute its judgment for that of the arbitrators.").

In seeking additional categories of damages, Berkowitz is asking the Court to substitute its judgment for that of the Arbitrator, which is prohibited.  *See Diapulse Corp*, 626 F.2d at 1110. Far from showing a clear intent to award Berkowitz attorneys' fees and costs, liquidated damages, and emotional distress damages, the Arbitrator made it quite clear that he did not intend to award such damages.  Award at 14–15, 22.  Put another way, there was no oversight by the Arbitrator when it came to his award of damages.  Moreover, the FAA does not authorize a court to add categories of damages to an arbitration award under the aegis of a modification.  *See LLT Int'l, Inc. v. MCI Telecomms. Corp.*, 69 F. Supp. 2d 510, 517 (S.D.N.Y. 1999) (refusing to

---

[11]      That brief was the first time Berkowitz stated the basis for his request to modify the Arbitration Award. *See* Pet'r Resp. at 18.

modify because the additional attorneys' fees and costs and other damages sought "[fell] outside the Court's limited power to modify under Section 11"); *Bowen v. Cushman & Wakefield, Inc.*, No. 89-CV-8220, 1990 WL 64650, at *3 (S.D.N.Y. May 4, 1990) (finding that the court did not have the power under 9 U.S.C. § 11 to set a damages amount where the award was ambiguous).

Because the Arbitrator did not clearly intend to award additional damages, and the court does not have the authority to award categories of damages through a modification of the arbitration award, Berkowitz's quest for additional damages pursuant to 9 U.S.C. § 11 falls short.[12]  In sum, Berkowitz has failed to demonstrate a viable theory on which the Court could rely to modify the award.[13]

## IV.   The Arbitrator Did Not Manifestly Disregard the Law When He Did Not Award Attorneys' Fees and Costs, Liquidated Damages, and Emotional Distress Damages

Even if the Court construes Berkowitz's petition as seeking vacatur of the arbitration award, Berkowitz has not demonstrated that any of the bases for vacatur apply in this case. Berkowitz argues that the arbitration award should be vacated because the Arbitrator acted in manifest disregard of the law.  *See* Pet'r Br. 10–19; Pet'r Resp. 14–18.  Berkowitz is correct that an arbitration award, if rendered in manifest disregard of the law, can be vacated.  *See Tully Constr. Co. v. Canam Steel Corp.,* 684 F. App'x 24, 26 (2d Cir. 2017) (citation omitted).  But

---

[12]   The paradigmatic case in which modification is appropriate under 9 U.S.C. § 11(c) is a case in which there is an obvious clerical or scrivener's error.  *See, e.g., Fischer v. CGA Comput. Assocs., Inc.*, 612 F. Supp. 1038, 1042 (S.D.N.Y. 1985) (substituting "declares" for "finds" as the heading for the section that "address[ed] the declaratory relief sought").  Berkowitz does not and cannot argue that the failure to award additional damages was a clerical or scrivener's error.

[13]   Berkowitz argues that the Supreme Court's decision in *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662 (2010), supports his request to modify the arbitration award.  Because the arbitration panel in *Stolt-Nielsen* had substituted its own policy preference for the law on whether the parties had agreed to class arbitration, the Supreme Court found that the panel exceeded its powers, which is a basis to vacate the award, not to modify it.  *Id.* at 669–77.  Accordingly, the Supreme Court did not modify the award but directed that the award be vacated pursuant to 9 U.S.C. § 10.  *Id.* at 666–88.  *Stolt-Nielsen*, then, does not support Berkowitz's request that the arbitration award be modified.

"[a] litigant seeking to vacate an arbitration award based on alleged manifest disregard of the law bears a heavy burden [as a court must find] both that (1) the arbitrator knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrator was well defined, explicit, and clearly applicable to the case." *Zurich Am. Ins. Co. v. Team Tankers A.S.*, 811 F.3d 584, 589 (2d Cir. 2016) (cleaned up).  "The Second Circuit has emphasized that the doctrine requires more than error or misunderstanding with respect to the law." *PDV Sweeny, Inc. v. ConocoPhillips Co.*, No. 14-CV-5183, 2015 WL 5144023, at *7 (S.D.N.Y. Sept. 1, 2015) (quoting *Wallace v. Buttar*, 378 F.3d 182, 189–90 (2d Cir. 2004) (internal quotation marks omitted), *amended*, No. 14-CV-5183, 2015 WL 9413880 (S.D.N.Y. Dec. 21, 2015), *aff'd*, 670 F. App'x 23 (2d Cir. 2016).  "The party challenging an award for manifest disregard of the law must demonstrate that the arbitrator actually knew about the relevant rule of law." *D.H. Blair*, 462 F.3d at 111 (citation omitted).

More generally, "[a] federal court cannot vacate an arbitral award merely because it is convinced that the arbitration panel made the wrong call on the law.  On the contrary, the award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." *Wallace*, 378 F.3d at 190 (cleaned up).  "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair*, 462 F.3d 110 (cleaned up).  "It is only when an arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice that his decision may be unenforceable." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010) (cleaned up).

### A. The Arbitrator's Refusal to Award Attorneys' Fees Was Not a Manifest Disregard of the Law

Under the ADEA, an award of attorneys' fees and costs to a prevailing claimant is mandatory. *See Porzig*, 497 F.3d at142 ("[There is] settled jurisprudence with respect to the mandatory requirement . . . that attorneys' fees be awarded for successful claims brought under the ADEA."). Berkowitz argues that, as the prevailing party on his age discrimination claim, he was, therefore, entitled to attorneys' fees and costs. Because the Arbitrator failed to award him those fees and costs, Berkowitz argues, the Arbitrator acted in manifest disregard of the law. *See* Pet'r Br. 11–19.

The Arbitrator did not explicitly explain his reasons for not awarding Berkowitz attorneys' fees under the ADEA. *See* Award at 20–21 (failing to reference ADEA and instead awarding neither party fees or costs given the lack of clear prevailing party). The Court is left with the "difficult task of inferring from the facts of the case whether the arbitrator[] appreciated the existence of a clearly governing legal principle but decided to ignore or pay no attention to it." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 822 (2d Cir. 1997) (cleaned up). Berkowitz argued before the Arbitrator that he was "entitled to" attorneys' fees and costs under the ADEA. That was the only language Berkowitz used to describe to the Arbitrator the applicable ADEA law regarding attorneys' fees.[14] *See* Hearing Br., Dkt. 1-3 at 1, 5, 12; Summation, Dkt. 1-3 at 19. His assertion that he was "entitled to" attorneys' fees was not sufficiently specific to establish that the Arbitrator knew the governing principle and failed to

---

[14]     Berkowitz also notes that he reserved the right in his summation to make a fee application after the award was rendered by the Arbitrator. *See* Summation, Dkt. 1-3 at 23; Pet'r Br. at 16–17 n.1. But Berkowitz has not proffered any evidence that he in fact made such an application. Berkowitz does not — and apparently cannot — point to a single place in the record where he told the Arbitrator that an award of attorneys' fees was mandatory if he prevailed on his ADEA claim.

apply it in manifest disregard of the law.  *DiRussa*, 121 F.3d at 823.  Nowhere in Berkowitz's

submissions before the Arbitrator did he "either explain that the ADEA *requires* an award of

attorneys' fees or quote the language of the relevant ADEA section, which clearly communicates

that principle," *id.* (emphasis added).[15]

Because Berkowitz has failed to show that he properly communicated to the Arbitrator

that an award of attorneys' fees and costs is mandatory to a prevailing ADEA claimant, *Zurich*

*Am. Ins.*, 811 F.3d at 589, he has failed to demonstrate that the Arbitrator acted in manifest

disregard of the law with regard to attorneys' fees and costs.[16]

### B.  The Arbitrator's Refusal to Award Liquidated Damages Was Not a Manifest Disregard of the Law

Berkowitz next argues that the Arbitrator engaged in a manifest disregard of the law

when he failed to award liquidated damages under the ADEA.  *See* Pet'r Br. 13–15.  Liquidated

damages are mandatory under the ADEA only if the claimant proves a "willful violation."  *Cross*

*v. New York City Transit Auth.*, 417 F.3d 241, 252 (2d Cir. 2005) ("[T]he willfulness necessary

to support liquidated damages under the ADEA can be established either by proof that a

---

[15]     Like Berkowitz, the petitioner in *DiRussa* sought to vacate an arbitration award that failed to award attorneys' fees and costs after he had prevailed on an ADEA claim in arbitration.  And, like here, the petitioner in that case did not expressly communicate to the arbitrator that the award of fees and costs to the prevailing party is mandatory under the ADEA.  *See DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 822–23 (2d Cir. 1997) (noting that the petitioner only informed the arbitrator that "he was 'entitled to' attorney's fees under the ADEA").  Just as the petitioner's explanation of the law on mandatory fee-shifting was insufficient in *DiRussa*, Berkowitz's use of "entitled to" was insufficient here because "it is equally plausible that the arbitrators interpreted the phrase ['entitled to'] as a statement of the petitioner's belief that the arbitrators should *exercise discretion* to award him fees because he was particularly deserving of such an award."  *Id.* at 823 (emphasis in original).

[16]     Even if the Arbitrator had understood that the award of damages on the ADEA claim was mandatory, Berkowitz ignores the fact that GPC was successful on its unjust enrichment counterclaim.  Award, Dkt. 1-1 at 16–17, 21.  Pursuant to section 4.1.5 of the employment agreement, GPC was also entitled to attorney's fees because it was the prevailing party on its counterclaim.  Employment Agreement, Dkt. 1-1 § 4.1.5.  With each party prevailing on one claim for similar amounts of damages, it was not a manifest disregard of the law to award neither party attorneys' fees and costs; the Arbitrator would not have been unreasonable to have assumed that the fees for both sides would be roughly the same.

defendant actually knew that his conduct violated federal law or by reckless disregard of that fact."); *see also McGinty v. New York*, 193 F.3d 64, 71 (2d Cir. 1999). "[I]f the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA," the employer acted willfully. *See Hazen Paper Co. v. Biggins*, 507 U.S. 604, 614 (1993) (quoting *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 128 (1985)); *Benjamin v. United Merchs. & Mfrs., Inc.*, 873 F.2d 41, 45 (2d Cir. 1989) (affirming a jury's finding of a willful violation of the ADEA because the defendant "knew the law but at the same time attempted to evade it"). In Berkowitz's submissions before the Arbitrator, it appears he never argued that GPC knew of or recklessly disregarded the ADEA's prohibition of age discrimination.[17]  To the contrary, Berkowitz conceded in the arbitration that "Watanabe was unaware of United States laws protecting employees from age discrimination." Hearing Br. at 2; *see also* Summation at 7.

Because Berkowitz never argued that GPC acted willfully (and, in fact, conceded that it did not) and because Berkowitz never communicated the relevant standard to the Arbitrator, he has not demonstrated that the Arbitrator acted in manifest disregard of the law when he denied Berkowitz's request for liquidated damages.

---

[17]     From the arbitration filings submitted before this Court, it appears Berkowitz never explained to the Arbitrator the willfulness standard for purposes of establishing entitlement to liquidated damages under the ADEA. The first time Berkowitz discussed the willfulness standard for liquidated damages was in a filing before this Court. *See* Pet'r Br. at 14–15.

### C. The Arbitrator's Refusal to Award Emotional Distress Damages Was Not a Manifest Disregard of the Law

Berkowitz also argues that the Arbitrator manifestly disregarded the law when he failed to award emotional distress damages.  Pet'r Br. 12–13.[18]  At least in the portions of the arbitration record included in the record in this case, Berkowitz never communicated to the Arbitrator the legal basis for his claimed emotional distress damages.[19]  It appears that the first time he identified the controlling law was in a brief submitted to this Court, which mentioned in passing that emotional distress damages are "recoverable under New York state law."  Pet'r Br. at 12.  In failing to identify or explain the applicable law during the arbitration proceedings, Berkowitz has not met the "heavy burden" to establish that the Arbitrator knew of a "clearly applicable" legal principle governing emotional distress damages.  *See Zurich Am. Ins.*, 811 F.3d at 589.  Because Berkowitz has not established that the Arbitrator knew of the applicable law, he cannot establish that the Arbitrator acted in manifest disregard of the law when he declined to award emotional distress damages.

### V.   The Arbitrator Did Not Exceed His Powers in Denying Attorneys' Fees and Costs, Liquidated Damages, and Emotional Distress Damages

Berkowitz also contends that the arbitration award should be vacated because the Arbitrator exceeded his authority by not awarding the additional damages he sought.  *See* Pet'r Br. at 10–19; Pet'r Resp. at 14–19.  A challenge that an arbitrator exceeded his powers falls under 9 U.S.C. § 10(a)(4), which is "consistently accorded the narrowest of readings."  *Anthony v. Affiliated Comput. Servs., Inc.*, 621 F. App'x 49, 50–51 (2d Cir. 2015) (cleaned up).  "An

---

[18]     The arbitration award did not include any reasons for the failure to award emotional distress damages.  The arbitration award did state, however, that "[t]he issues, arguments, or exhibits not addressed [in the Final Award] either lacked substantive value or were unnecessary for [the Arbitrator's] decisions."  Award at 4.

[19]     As discussed *supra*, Berkowitz's Notice of Claim and Demand for Arbitration did not specify the legal basis for his claim that GPC discriminated against him based on his age.

arbitrator exceeds his authority only by (1) considering issues beyond those the parties have submitted for his consideration, or (2) reaching issues clearly prohibited by law or by the terms of the parties' agreement." *Id.* at 51 (quoting *Jock v. Sterling Jewelers, Inc.*, 646 F.3d 113, 122 (2d Cir. 2011)) (cleaned up). "Under § 10(a)(4), [courts] do not consider whether the arbitrators correctly decided [an] issue." *Id.* at 52 (citations and internal quotation marks omitted); *see also DiRussa*, 121 F.3d at 824 ("DiRussa's real objection appears to be that the arbitrators committed an obvious legal error in denying him attorneys' fees. Section 10(a)(4) was not intended to apply to such a situation.").

Here, neither party disputes that the Arbitrator had the power to decide damages. Berkowitz's argument before this Court is that the Arbitrator erred by not awarding him attorneys' fees and costs, liquidated damages, and emotional distress damages. *See* Pet'r Br. at 10–19; Pet'r Resp. at 14–19. Because Berkowitz's "real objection" is that the Arbitrator committed a legal error in denying the damages sought, *see DiRussa*, 121 F.3d at 824, and because he does not argue that the Arbitrator considered issues outside of the parties' agreement to arbitrate, *see Anthony*, 621 F. App'x at 51, Berkowitz's claim that the Arbitrator exceeded his powers is without merit.

## CONCLUSION

For the foregoing reasons, the Court finds that Berkowitz has failed to demonstrate that the arbitration award should be modified or vacated. Berkowitz's motion to confirm in part and modify in part, whether construed as a motion to modify or as a motion to vacate, is DENIED. GPC's motion to dismiss, construed as a motion to confirm the arbitration award, is GRANTED. Accordingly, the arbitration award is hereby CONFIRMED.

The Clerk of Court is respectfully directed to enter judgment for Petitioner in the amount of $45,533.49 as provided in the arbitration award.  The Clerk is further directed to terminate all open motions and to close the case.


**SO ORDERED.**

**Date:  January 12, 2022**
**       New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**